UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| **DAVID M. FISCHER** ) | |
| ) | |
| **Plaintiff** ) | Civil Action No. 2: 08-CV-163-WOB |
| ) | |
| **V.** ) | |
| ) | |
| **JUDGE SUMME and** ) | MEMORANDUM OPINION |
| **JUDGE FRANK TRUSTEE** ) | AND ORDER |
| ) | |
| **Defendants** ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff, David M. Fischer ("Fischer"), an individual residing at the Eastern State Hospital in Lexington, Kentucky has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [DE 2, 5] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Fischer is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

**I.   BACKGROUND**

In the Complaint Fischer originally filed in this matter, Fischer alleged that, beginning in 1994 and continuing to the present time, unnamed judges in Kenton County "made unlawful and wrongful statements concerning and about the plaintiff." Fischer sought compensatory damages for emotional and/or physical harm and the return of unspecified funds allegedly taken from him. [DE 2] The Court then directed Fischer to file an amended complaint to clarify his allegations and identify the defendants. [DE 3]

Fischer then filed an amended complaint, which identified the parties allegedly responsible for this conduct as Judge Summe and Judge Frank Trustee.[1] Fischer reiterated his basic allegation that these two judges were "sentencing" him to stay at Eastern State Hospital, and were holding $50,000 of his money without his permission. [DE 5] The Clerk of the Court will be directed to substitute these two individuals as the named defendants in this case.

On June 16, 2005, Fischer filed a civil rights complaint in this Court, naming the "Kenton County Judicial System" as the defendant, in which he asserted that several judges told him that he was a "retarded person," ordered him to go to "mental hospitals," and placed $50,000 he received after a car accident into a trust fund. On August 31, 2005, the Court entered an Order dismissing the case with prejudice. *Fischer v. Kenton County Judicial System*, 05-CV-119-DLB, Eastern District of Kentucky. [DE 5 therein]

**II.   DISCUSSION**

First, the claim that Fischer wishes to assert in this action is barred by the doctrine of claim preclusion. The doctrine of claim preclusion, previously known as *res judicata*, bars a

---

[1] In actuality, the correct spelling of the named defendant is "Judge Frank Trusty."

-2-

subsequent action if the prior action was decided on the merits, both actions involve the same parties or those in privity with them, and the claim asserted in the subsequent was, or could have been, resolved in the first. *Young v. Township of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). Fischer's prior case, *Fischer v. Kenton County Judicial System*, 05-CV-119-DLB, also involved claims against Kenton County and/or Kenton County judges arising out of the same judicial proceedings which resulted in Fischer being placed in Eastern State Hospital and the placement of $50,000 belonging to Fischer into a trust fund for his benefit. That prior action, which involved the same parties and involved the same claims, was dismissed with prejudice in 2005. Accordingly, the doctrine of claim preclusion prevents Fischer from attempting to re-litigate claims which were, or could have been, raised in that case in this proceeding. *Burton v. Cleveland Ohio Empowerment Zone*, 2004 WL 1367275, **2 (6th Cir. 2004); *Williams v. Moyer*, 2001 WL 523446, **1 (6th Cir. 2001).

Second, even if this were not so, Fischer's claims are barred by the statute of limitations. Civil rights claims arising from conduct occurring in Kentucky are governed by the one-year statute of limitations set forth in K.R.S. 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). Fischer alleges that the Defendants' conduct which gives rise to his claims dates back to 1994. Fischer's claims are therefore clearly time-barred.

Finally, the actions complained of by Fischer were taken by judges as part of a judicial proceeding. As the Court noted in Fischer's prior case, where a judge commits a judicial act, such as issuing a ruling in a case pending before him, the judge is absolutely immune for civil liability, even if the ruling is in error. *Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *Cameron*

-3-

*v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994). The Defendants identified by Fischer are therefore entitled to absolute judicial immunity, and Fischer's claims must be dismissed as a matter of law.

### III. CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Clerk of the Court shall dismiss "All Kenton County Judges" as the Defendant in this action and substitute "Judge Summe" and "Judge Frank Trusty" as the named defendants in this case.

2. Plaintiff's Complaint [DE 2, 5] is **DISMISSED WITH PREJUDICE**.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 9th day of October, 2008.



Signed By:
*William O. Bertelsman* WOB
United States District Judge